FILED
SUPERIOR COURT
OF GUAM

2012 JUN 26 PM 4: 31

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOGLE OF GUAM,** | ) **CRIMINAL CASE NO. CF499-08** |
| Plaintiff, | ) |
| | ) |
| | ) **DECISION AND ORDER** |
| | ) **(Defendant's Motion to Reduce Sentence)** |
| **vs.** | ) |
| | ) |
| | ) |
| **ARNOLD BLANCO KITANO** | ) |
| **(DOB: 06/27/1965),** | ) |
| | ) |
| Defendant. | ) |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on April 23, 2012, for Defendant's Motion to Reduce Sentence. Assistant Attorney General Christina Lum appeared on behalf of the People of Guam ("the People"). Assistant Alternate Public Defender Eric Overton represented Arnold Blanco Kitano ("Defendant"). Now, taking all evidence and arguments into consideration, the Court issues the following Decision and Order.

### BACKGROUND

Defendant was convicted on January 22, 2009, on charges of First Degree Criminal Sexual Conduct in violation of 9 GCA § 25.15 (a)(6) and (b) **and** Second Degree Criminal Sexual Conduct in violation of 9 GCA § 25.20 (a)(6) and (b). On July 9, 2009, Defendant was sentenced in the above captioned case. This Court sentenced Defendant as follows: life without

the possibility of parole for First Degree Criminal Sexual Conduct and fifteen years for Second Degree Criminal Sexual Conduct. Judgment was entered on September 9, 2009.

Defendant appealed his conviction to the Supreme Court of Guam. On July 29, 2011, the Supreme Court issued *People v. Kitano*, 2011 Guam 11, wherein Defendant's conviction was affirmed. Accordingly, the Supreme Court issued its Judgment on July 29, 2011. On August 22, 2011, the Supreme Court issued its Mandate relative to the instant case. Subsequently, on December 16, 2011, this Court received Defendant's Motion to Reduce Sentence. The People filed their Brief in Opposition to Defendant's Motion to Reduce Sentence on December 22, 2011. Hence, Defendant's motion was stamp filed by the Court on December 29, 2011, setting the matter to be heard on January 26, 2012. The motion hearing was rescheduled for February 9, 2012.[1] At the request of the People and Defendant's uncertainty as to whether the Government was served, the Court continued the matter for April 23, 2012, at 2 p.m.

## DISCUSSION

Defendant moves the Court to reduce the sentence imposed upon him pursuant to 8 GCA § 120.46 which provides:

> **Correcting or Lowering Sentence: Times.** The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within one hundred twenty (120) days after the sentence is imposed, or within one hundred twenty **(120) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal**, *or* within one hundred twenty (120) days after entry of any order or judgment of the Supreme Court of Guam, having the effect of upholding a judgment of conviction.

---

[1] At the February 9, 2012, hearing, Assistant Attorney General Nicolas B. Barrett represented to the Court that they needed additional time to respond to Defendant's motion. Likewise, Assistant Alternate Public Defender Eric Overton could not confirm whether the Office of the Attorney General was served the motion, notwithstanding the fact that the Court received the People's Brief in Opposition to Def's Motion to Reduce Sentence filed on December 22, 2011.

8 GCA § 120.46 (emphasis added).

Defendant did not present any witnesses nor orally argue any points at the April 23, 2012, motion hearing. Instead, Defendant submitted on his written motion. Transcript JDAASCRA (4/23/2012) at 2:32:55. Defendant specifically requests the Court "to exercise its discretion in a lenient manner and reduce his sentence to ten years with credit for time served with the remainder suspended subject to the satisfaction of reasonable conditions which the Court may impose." Def's Motion to Reduce Sentence (Dec. 29, 2011). Defendant also argues that "[t]he Court maintains jurisdiction to determine whether it will consider reducing the life sentence without parole that was issued in this case." Def's Reply to Government's Opposition to Def's Motion to Reduce Sentence (Feb. 13, 2012). Likewise, Defendant contends that "a lesser sentence would serve the same purpose and effect as his current sentence." Id.

The People argue that "[t]here is nothing illegal or unfair about defendant's sentence." People's Brief in Opposition to Def's Motion to Reduce Sentence (Dec. 22, 2011). Moreover, the People point out that "[t]he sentence imposed by this [C]ourt is squarely within the boundaries set forth by the relevant statutes." Id. In addition, the People argue that the "[m]otion is untimely and should be stricken from the record on this basis[.]" People's Response to Motion to Reduce Sentence (Feb. 13, 2012). The People assert that Judgment from the Supreme Court of Guam was issued on July 29, 2011 and Defendant's filing on December 29, 2011 amounted to 150 days, which is a facial violation of the timing provisions of 8 GCA § 120.46. Id. Defendant responds arguing that the "motion was filed on December 16, 2011, not on December 29, 2011 as the government argued in their brief[,]" thus filed within one hundred twenty days after receipt by the Court of a mandate. Def's Reply to Government's Opposition to Def's Motion to Reduce Sentence (Feb. 13, 2012). Correspondingly, the People pointed out

at the April 23, 2012, motion hearing, that even if the Defendant filed the motion on December 16, 2011, it still surpasses the 120 day cutoff since it will equate to 140 days. Transcript JDAASCRA (4/23/2012) at 2:33:20.

Upon review of the record, the Court notes that Defendant appealed his conviction to the Supreme Court of Guam, and a Mandate affirming such conviction was issued by the high Court on August 22, 2011. The People rely on the date Judgment was entered from the Supreme Court of Guam as their basis to argue that Defendant failed to timely file. However, the Court rejects this contention on the basis that Guam law spells out in pertinent part "within one hundred twenty (120) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal." This Court received the Mandate from the Supreme Court of Guam on August 22, 2011. In view of this, Defendant's submission of the motion on December 16, 2011, amounted to 116 days, well within the filing deadline. Therefore, the Court has the authority to entertain Defendant's motion.

The Court recognizes that the purpose of 8 GCA § 120.46 is to consider whether the sentence originally imposed now seems unduly harsh. It is well settled that a motion for relief from a legally imposed sentence shall not be granted unless it is shown that the sentence was based upon improper information. *United States v. Parrott*, 992 F.2d 914. (9th Cir. 1993). Defendant has not provided the Court with any information or arguments which the Court failed to consider at the time of the sentencing herein, nor has Defendant presented any new factual or legal arguments which would warrant a reduction in sentence. Instead, Defendant suggests that the "pronouncement of sentence and the news reports surrounding such sentencing" serve the purpose of deterrence and that Defendant's continued incarceration is not necessary to deter future conduct from others in the community.

The Court notes that the charges Defendant was convicted of are not minor violations. Accordingly, the Court finds that the imposition of sentence relative to the instant case was reasonable as prescribed in Guam law and rejects Defendant's argument that the sentence pronouncement and news reports surrounding such sentencing mete out justice. Defendant has failed to provide the Court with any authority or rationale which persuades the Court that a reduction of sentence is warranted.

For these reasons, the Court DENIES Defendant's Motion to Reduce Sentence.

## CONCLUSION

By a preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion to Reduce Sentence.

**SO ORDERED** this _26_ day of June, 2012.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

JUN 26 2012

Armando B. Quitoriano
Deputy Clerk, Superior Court of Guam